Randy ENGEL, Bert A. Juedemann, Jr.
and Donald Volz,
Plaintiffs-Respondents,

v.

Bruce A. CARVER, Mary Carver and
Rachel A. Carver,
Defendants-Appellants.

No. 47825.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 8, 1984.

David L. Baylard, Union, for defendants-appellants.

George D. Johnson, Clayton, for plaintiffs-respondents.

KAROHL, Judge.

Respondent subdivision trustees brought suit on account against appellant homeowners in the circuit court for nonpayment of subdivision assessment for the years 1980–82. A subsequent assessment for 1983 was added to the petition by amendment. As a result the total claim for assessments was $390.00. On the day of trial the parties stipulated that appellants were indebted to respondent trustees for $390.00 as unpaid annual assessments and the trial court granted judgment in that amount. The judgment also awarded to respondent trustees interest on the unpaid assessments from the dates they became due and an attorney's fee in the amount of $1,400.

The sole issue on appeal is whether the award of attorney's fees was proper. Defendants contend that an award of attorney's fees was unauthorized by the subdivision indenture for the 1980–1982 assessments. Defendant homeowners also contend that even if an 1982 amendment to the indentures may be applied retroactively the trustees were required by the indentures to assess reasonable collection costs including attorney's fees which they failed to do. Finally defendants contend that the amount of the award of attorney's fees is unconscionable, unreasonable and against public policy as a matter of law.

The adjudicated facts relative to the issue on appeal are as follows. The original indenture creating the homeowners' association and establishing restrictions for the subdivision were executed November 10, 1975 and recorded December 10, 1975. Pursuant to the indenture the trustees were authorized to make an annual assessment of a sum not to exceed $100.00 to be used to maintain common areas of the subdivision. The original indenture did not provide for additional assessments for costs of collection of unpaid annual assessments or attorney's fees. Defendants purchased their home in the subdivision in May, 1978. The indenture was amended, effective April 14, 1982 to provide:

If such assessment is not paid when due, and is referred for collection, or is referred to an attorney for collection or suit, the trustees *may additionally assess* reasonable collection costs and/or reasonable attorney's fees. (emphasis ours).

The petition was originally filed on June 7, 1982 in order to collect unpaid assessments for 1980 ($40.00), 1981 ($100.00), 1981 (additional $50.00), 1982 ($100.00) or $290.00. On May 2, 1983 respondent trustees amended their petition by interlineation to add 1983 assessment of $100.00 and to increase the prayer to $390.00. The petition does not allege that the respondent trustees ever additionally assessed reasonable collection costs and/or reasonable attorney's fees as required by the amendment.

Restrictions imposed by a subdivision indenture are not favored in the law and any ambiguities will be strictly construed and resolved in favor of the free and unrestricted enjoyment of the real estate. *Brasher v. Grove*, 551 S.W.2d 302, 303 (Mo.App.1977). Appellants contend that respondents' assessment of collection costs or attorney's fees is a prerequisite to suit for either of these. This court has recognized and enforced a subdivision indenture prerequisite to recovery in a suit by subdivision trustees against lot owners for assessments. *Phillips v. Authorized Investors Group*, 625 S.W.2d 917, 920–21 (Mo. App.1981). The prerequisite in *Phillips* was the recording of a lien before suit. In the present case the prerequisite is "additionally assess." In this case no evidence was offered to the court that any assessment for collection, costs or attorney's fees was ever made. After the hearing respondent trustees were offered an opportunity to detail their request for attorney's fees. This was accomplished by an affidavit of counsel. The affidavit and attachment letter reflect that a demand for attorney's fees was made by counsel but does not establish that the demand was based upon

a prior assessment of respondent trustees. By failing to make the assessment and notifying appellant homeowners of the amount respondents have failed to satisfy the prerequisite assessment required by the Amendment to Indenture.

In this court-tried case we find that there is no substantial evidence of an element of the claim, the prerequisite assessment of collection costs or attorney's fees. That part of the judgment awarding attorney's fees must be reversed.

We affirm that part of the judgment for annual assessments and interest and reverse that part of the judgment awarding attorney's fees. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

REINHARD, C.J., and CRANDALL, J., concur.